LUCERO, Circuit Judge,
dissenting.
I am in full agreement with the majority’s scholarly opinion, save one issue. I disagree with the conclusion that the district court clearly erred in finding Speedway did not know of the contamination caused by the Army based on the August 23,1993, phone call from KDHE. Fealty to the deferential clear error standard of review compels affirmance, and I respectfully dissent from the panel’s opposite determination.
As the majority acknowledges, the question of when a claim accrues under the FTCA for purposes of starting the two-year statute of limitations — in this case, when a person discovers his or her injury and its cause — is a factual determination. Although it may have been reasonable for the district court to find that the August 23rd communication combined with other evidence did give Speedway sufficient notice of its injury and cause, it was equally reasonable for the court to find otherwise. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (“If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” (emphasis added)). Speedway had no direct knowledge of the specific activities taking place at the nearby Army facility, no knowledge of the toxicity of the chemicals found on its property, and did not receive the “Potentially Responsible Parties” letter until October 18, 1993. The district court found that the August 23rd conversation “focused on the test .results and concerned the possibility that Plaza Speedway activities were the source of the .contamination” and that “Brown did not recall telling Thompson anything that would have put him on notice that Fort .piley or some third party might have injured them.” Plaza Speedway, Inc. v. United States, No. 97-1346 (D. Kan. filed April 12, 2001).
Even under de novo review, I would be inclined to adopt the district court’s resolution of the matter. Certainly, viewing the evidence in the light most favorable to the district court’s ruling, as I must under a deferential standard, I cannot say that the district court’s factual finding regarding when Speedway’s tort claim accrued is “implausible.”